UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE CWA LOCAL 14156 -
PRINTERS, PUBLISHERS & MEDIA WORKERS
BENEFIT FUND,

          Plaintiff,

- against -

RUMAR TYPESETTING AND DESIGN, et al.,

          Defendants.

OPINION & ORDER

05 Civ. 1455 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

The Trustees of the Communications Workers of America New York Typographical Union Local 14156 (the "Union") - Printers, Publishers & Media Workers Benefit Fund (the "Fund") brought this action under §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"). The Fund seeks to recover delinquent contributions owed by Harold Russell, Jr. ("Russell"), individually, and as the company under which he does business, Rumar Typesetting and Design ("Rumar"). Defendants have failed to respond to the complaint or to otherwise defend the action.

On March 7, 2006, the Fund submitted affidavits and other support for their request for relief, seeking default judgment and recovery of: 1) fringe benefit contributions defendants were required to remit to the Fund from April 2003 through January 2005, totaling $22,714.68; 2) interest at ten percent per annum, totaling $4,714.08; 3) costs of $314.63; and 4) attorney's fees of $6,339.50. For the reasons set forth below, this Court grants the Fund a default judgment and a total award of $27,428.76 in damages, including interest; $6,339.50 in attorney's fees; and

$314.63 in costs.

## II. BACKGROUND

The Fund is an employee welfare benefit plan, established and maintained pursuant to a trust agreement ("Trust Agreement"). Complaint ("Compl.") ¶ 5 and Exh. A. Defendants are employers as defined by ERISA, 29 U.S.C. § 1002(5). **Id**. ¶ 6. Defendants and the Union are both parties to a collective bargaining agreement ("CBA") which obligates defendants to submit the required monetary contributions to the Fund. **Id**. ¶¶ 7-8 and Exh. B. The monthly contribution rate is 18.75% of an employee's wages. **Id**. ¶ 9. On February 4, 2005, the Fund filed suit against defendants, alleging that defendants breached the CBA by failing to submit the required monetary contributions between April 2003 and January 2005, in violation of ERISA, 29 U.S.C. § 1145, the CBA, and the trust agreement. **Id**. ¶¶ 14-15. The Fund mailed a waiver of service of summons, which defendants did not return. Declaration of Owen M. Rumelt for Judgment by Default ("Rumelt Default Decl.") at 5. The Fund then served a summons and complaint on defendants by personal service to defendants' actual place of business, and mailed a copy to the same location. **Id**. at 6. Defendants did not serve any response to the complaint (Clerk's Certificate, June 8, 2005, Docket #17), but Russell did participate in a Rule 26(f) planning conference with counsel for the Fund and consented to trial before the undersigned pursuant to 28 U.S.C. § 636(c). *See* Report of Rule 26(f) Planning Meeting, Docket #11. Furthermore, the parties engaged in settlement negotiations to no avail.

On March 13, 2006, the Court issued an order to show cause why default should not be granted. In response, Russell submitted a letter asking for more time to procure legal counsel, citing personal and financial difficulties. The Court directed Russell to submit a written

summary of past efforts to obtain counsel and a proposed timeline to answer the complaint. To date, the Court has received no further communication from defendants.

### III. DISCUSSION

**A.    Default Judgment Standard**

A court may enter a judgment of default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure upon the presentation of an application for the entry of judgment. Notice of the application must be sent to any defaulting party so that it has an opportunity to show cause to the court why a default should not be entered. The grounds for a default judgment are established here as defendants have failed to answer the complaint. Three additional factors are to be considered: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." **Mason Tenders Dist. Council v. Duce Constr. Corp.**, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). While defendants did ask for more time to appear, they have ignored the Court's direction to provide further information, making their continued failure willful. Moreover, because defendants have not filed an answer, there is no evidence of any defense. **Id**. Finally, the Court finds that denying this motion would be prejudicial to the Fund as there are no additional steps available to secure relief in this Court. *See* **id**. at *3. Therefore, all three factors are met, and a default judgment is warranted.

**B.    Damages**

Defendants must make contributions in accordance with the CBA. 29 U.S.C. § 1145. The Fund has submitted a schedule of the payments due between April 2003 and January 2005,

3

showing a total of $24,114.68 and a payment of $1,400, for a total of $22,714.68. Rumelt Default Decl., Exh. A. ERISA provides for the mandatory award of interest when an employer has failed to remit contributions as required. 29 U.S.C. § 1132(g)(2)(B). The interest rate is the rate provided by the plan, **id**., in this case, ten percent per annum. Compl., Exh. A, Article VI, ¶ 5. The Fund's schedule of payments due reports this total interest as $4,714.08, calculated from April 30, 2003 to March 1, 2006. Rumelt Default Decl., Exh. A. This results in damages of $27,428.76.

C.      **Attorney's Fees and Costs**

The Fund seeks an award of attorney's fees in the amount of $6,339.50, and costs in the amount of $314.63. Declaration of Owen Rumelt for Attorneys' Fees ("Rumelt Fee Decl.") ¶¶ 18-19. The Fund is entitled to an award of reasonable attorney's fees and costs that are calculated using the "lodestar" method, 29 U.S.C. § 1132(g)(2)(D), that is, the hours reasonably expended multiplied by a reasonable hourly rate. *See* **LeBlanc--Sternberg v. Fletcher**, 143 F.3d 748, 763-64 (2d Cir. 1998) (*quoting* **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983)). The lodestar figure is calculated based upon current, prevailing market rates. *See* **id**. at 764 (*quoting* **Blum v. Stenson**, 465 U.S. 886, 895 (1984)). In addition, the trust agreement expressly provides for the award of reasonable attorney's fees and costs as a penalty for failure to remit payments. Compl., Exh. A, Article VI, ¶ 5, Article VI, ¶ 5.

Two attorneys, one partner and one associate, worked on the case. Rumelt Fee Decl. ¶ 4. The partner, Owen Rumelt, has an hourly billing rate of $200 for collection matters and contributed a total of 11.9 hours, for a total of $2,380.00. **Id**. ¶¶ 13-18. Associate Ezekiel Carder also bills $200 an hour for collection matters and contributed a total of 15.8 hours, for a

4

total of $3,160.00. Id. The firm bills $65 per hour for paralegal time, id. ¶ 4, which amounted to a total of 12.3 hours, for a total of $799.50. Id. ¶¶ 13-18. After reviewing the materials, I find that the hourly rates and time expended, are reasonable, and award a total of $6,339.50 in fees.

In addition, the Fund has submitted evidence of costs of $314.63. The costs, which are for process service, messengers, faxes, research, and clerk and United Lawyers Service fees, are reasonable. Therefore, the Fund is awarded a total of $6,654.13 in attorney's fees and costs.

## IV. CONCLUSION

For the foregoing reasons, the Fund's motion for default judgment is granted. Judgment shall be entered in the amount of $27,428.76 in damages, and $6,654.13 in attorney's fees and costs, for a total of $34,082.89.

**SO ORDERED this 5th day of May 2006**
**New York, New York**

*Ronald Ellis*

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**